# EXHIBIT 1

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| **YIWU YUXIN E-COMMERCE FIRM,**<br><br>Plaintiff,<br><br>v.<br><br>**THE PARTNERSHIPS and UNINCOPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A"**<br><br>Defendants. | **Civil Action No.** |

## DECLARATION OF SAM CHANG

I, Sam Chang, declare and state as follows:

1. This declaration is based upon my personal knowledge of the facts stated herein or on the business records that were made at the time or in the regular course of business. If called as a witness, I could and would testify to the statements made herein.

2. I am an individual residing in Yiwu, China.

3. I am the manager of Yiwu Yuxin E-Commerce Firm ("Yuxin").

4. Yuxin is the sole owner of all rights over the Copyrights as shown in Exhibit 1-A of this Declaration.

5. Yuxin operates Gthic.com. Since September.10.2019, through the store, Yuxin offers to sell its uniquely designed jewelry under "GTHIC" brand.

6. The "GTHIC" branded jewelry has received overwhelming high ratings from tens of thousands of customers as of the date of the filing of the Complaint.

1







7. Yuxin's products that practice its Copyrights are distributed and sold only thru Gthic.com, and its authorized e-commerce stores. These products are known for their distinctive designs and quality. These designs are broadly recognized by consumers in this market. In 2022 alone, Plaintiff's sales revenue was approximately 5 Million U.S. dollars.

8. I perform, supervise, and/or direct investigations related to Internet-based infringement for the Copyrights. My investigation shows that Defendants are making, using, offering for sale, selling, and/or importing into the United States for subsequent sale or use products, namely jewelry that directly infringes Yuxin's Copyrights. I, or someone working under my direction, analyzed each of the Online Marketplace Accounts identified in Schedule A to the Complaint (collectively, the "Defendant Internet Stores"), and determined that Infringing Products were being offered for sale to residents of the United States, including residents of this state. This conclusion was reached through visual inspection of the products listed for sale on each Defendant Internet Store, the price at which the Infringing Products were offered for sale, other features commonly associated with websites selling infringing products, and because Yuxin has not granted a license or any other form of permission to Defendants with respect to its Copyrights. In addition, each Defendant Internet Store offered shipping to the United States, including this state. True and correct copies of screenshot printouts showing the active Defendant Internet Stores reviewed are attached as Exhibit 1 to Plaintiff's Complaint.

9. Yuxin has not licensed or authorized Defendants to use or practice its Copyrights, and none of the Defendants are authorized resellers of licensed products.

10. Defendants go to great lengths to conceal their identities and often use multiple fictitious names and addresses to register and operate their network of Defendant Internet Stores. On information and belief, Defendants regularly create new online marketplace accounts on various platforms using the identities listed in Schedule A to the Complaint, as well as other unknown fictitious names and addresses. Such Defendant Internet Store registration patterns are one of many common tactics used by the Defendants to conceal their identities, the full scope and interworking of their operation, and to avoid being shut down.

11. Even though Defendants operate under multiple fictitious names, there are numerous similarities among the Defendant Internet Stores. The Defendant Internet Stores include notable common features, such offering for sale similar if not identical products, using similar if not identical images and product descriptions, and/or using multiple similar if not identical store names to offer the infringing products.

12. In addition to operating under multiple fictitious names, Defendants in this case and defendants in other similar cases against online infringers use a variety of other common tactics to evade enforcement efforts. For example, infringers like Defendants will often register new online marketplace accounts under new aliases once they receive notice of a lawsuit. Infringers also typically ship products in small quantities via international mail to minimize detection by U.S. Customs and Border Protection.

13. Infringers such as Defendants typically operate multiple credit card merchant accounts and PayPal accounts behind layers of payment gateways so that they can continue operation in spite of our enforcement efforts. On information and belief, Defendants maintain offshore bank accounts and regularly move funds from their PayPal accounts or other financial accounts to off-shore bank accounts outside the jurisdiction of this Court. They regularly transfer funds out of reach of U.S. courts and plaintiffs once the receive notice of a lawsuit.

14. Monetary damages cannot adequately compensate us for ongoing infringement because monetary damages fail to address the damage to our control over our rights in the Copyrights and our reputation, associated goodwill, and ability to exploit the Copyrights. Furthermore, monetary damages are difficult, if not impossible, to ascertain due to the inability to calculate measurable damage in dollars and cents caused to our control over our rights in the Copyrights, our reputation, the goodwill associated therewith, and ability to exploit the Copyrights by acts of infringement.

15. As the Copyrights Owner, Yuxin's goodwill and reputation are irreparably damaged by the making, using, offering for sale, selling, or importing of goods that infringe its Copyrights. Moreover, brand confidence is damaged, which can result in a loss of future sales and market share. The extent of harm to our reputation and goodwill and the possible diversion of customers due to loss in brand confidence are largely unquantifiable.

16. Yuxin is further irreparably harmed by the unauthorized making, using, offering for sale, selling, or importing of goods that infringe its Copyrights because infringers take away Yuxin's ability to control the nature and quality of the Infringing Products. Loss of quality control over goods made, used, offered for sale, sold, or imported featuring Yuxin's Copyrights and, in turn, loss of control over Yuxin's reputation is neither calculable nor precisely compensable.

17. The making, using, offering for sale, selling, or importing of goods featuring Yuxin's Copyrights and not authorized, produced, or manufactured by Yuxin is likely causing and will continue to cause consumer confusion, which weakens Yuxin's product's brand recognition and reputation. Inferior quality products will result in increased skepticism and hesitance in consumers presented with our genuine copyrighted products, resulting in a loss or undermining of our reputation and goodwill.

18. Yuxin is further irreparably damaged due to a loss of exclusivity. Yuxin's products are meant to be exclusive. Yuxin's marketing efforts and innovative designs are aimed at growing and sustaining sales. When infringers make, use, offer for sale, sell, or import goods featuring Yuxin's Copyrights without its authorization, the exclusivity of its products, as well as its reputation, is damaged and eroded, resulting in a loss of unquantifiable future sales.

19. Without an asset seizure in place, infringers such as Defendants are highly likely to simply disappear into the night, leaving Yuxin and this Court powerless to redress their

unlawful acts, and in such cases, numerous courts in this circuit have held that an asset seizure is warranted.

20. Yuxin will suffer immediate and irreparable injury, loss, or damage if an *ex parte* Temporary Restraining Order is not issued in accordance with Federal Rule of Civil Procedure 65(b)(1).

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this on August 31, 2023, in Yiwu, China.

*Sam Chang*