**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| YIWU YUXIN E-COMMERCE FIRM,<br><br>     Plaintiff,<br><br>  v.<br><br>THE PARTNERSHIPS and UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A",<br><br>     Defendants. | Case No. 1:24-cv-00497<br><br>Judge John Robert Blakey |

**PRELIMINARY INJUNCTION ORDER**

Plaintiff Yiwu Yuxin E-Commerce Firm ("Plaintiff") filed a Motion for Preliminary Injunction against the against the fully interactive, e-commerce stores operating under the seller aliases identified in Schedule A to the Complaint (collectively, "Defendants") and using the online marketplace accounts identified in Schedule A ("Online Marketplaces"). After reviewing the Motion and the accompanying record, this Court GRANTS Plaintiff's Motion in part as to the Defendants identified in this Order, as follows.

This Court finds Plaintiff has provided notice to Defendants in accordance with the Temporary Restraining Order entered February 6, 2024 [16] ("TRO"), and Federal Rule of Civil Procedure 65(a)(1).

This Court also finds, in the absence of adversarial presentation, that it has personal jurisdiction over Defendants because Defendants directly target their business activities toward consumers in the United States, including Illinois. Specifically, Plaintiff has provided a basis to conclude that Defendants have targeted sales to Illinois

residents by setting up and operating e-commerce stores that target United States consumers using one or more seller aliases, offer shipping to the United States, including Illinois, and have sold products using infringing and counterfeit versions of Plaintiff's federally registered copyrights, U.S. Copyright Registration Nos. VA0002330298, VA0002323103, VA0002323967, VA0002342703, VA0002335665, VA0002310156, VA0002310158, VA0002342698, VA0002309395, VA0002319507, VA0002335331, VA0002342684, VA0002342724, VA0002322413, VA0002324543, VA0002319366, and VA0002319380 ("Copyrights"), to residents of Illinois. In this case, Plaintiff has presented screenshot evidence that each Defendant e-commerce store is reaching out to do business with Illinois residents by operating one or more commercial, interactive internet stores through which Illinois residents can and do purchase infringing products. *See* [2-2, which includes screenshot evidence confirming that each Defendant e-commerce store does stand ready, willing, and able to ship its infringing goods to customers in Illinois.

This Court also finds that the injunctive relief previously granted in the TRO should remain in place through the pendency of this litigation and that issuing this Preliminary Injunction is warranted under Federal Rule of Civil Procedure 65. Evidence submitted in support of this Motion and in support of Plaintiff's previously granted Motion for Entry of a TRO establishes that Plaintiff has demonstrated a likelihood of success on the merits; that no remedy at law exists; and that Plaintiff will suffer irreparable harm if the injunction is not granted.

Specifically, Plaintiff has proved a *prima facie* case of copyright infringement because (1) Plaintiff is the registered owner of the valid Copyrights, and (2) the unlicensed infringing products are so clearly similar to the protected works that it is

highly probable that the infringing products are copies of the Copyrights. Furthermore, Defendants' continued and unauthorized violation of the exclusive rights in the Copyrights irreparably harms Plaintiff through diminished goodwill and brand confidence, damage to Plaintiff's reputation, loss of exclusivity, and loss of future sales. Monetary damages fail to address such damage and, therefore, Plaintiff has an inadequate remedy at law. Moreover, the public interest is served by entry of this Preliminary Injunction to dispel the public confusion created by Defendants' actions and to uphold intellectual property rights. Accordingly, this Court orders that:

1. Defendants and their officers, affiliates, agents, and employees are hereby enjoined and restrained from:

    a. copying, reproducing, preparing derivative works, and/or distributing copies to the public by sale the Copyrights in the form of jewelry products ("Infringing Products");

    b. shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, the Infringing Products;

    c. using, linking to, transferring, selling, exercising control over, or otherwise owning the Online Marketplace Accounts or any other online marketplace account that is being used to sell or is the means by which Defendants could continue to sell the Infringing Products; and

    d. operating and/or hosting any website or marketplace account for or on behalf of Defendants that are involved with the distribution, marketing, advertising, offering for sale, or sale of the Infringing Products.

2. Defendants and their officers, affiliates, agents, and employees and any third parties receiving actual notice of this order—including Amazon.com and any payment service providers, including any credit card companies, banks, or payment processors such as PayPal—shall, within five business days of receipt of such notice, provide to Plaintiff expedited discovery, including copies of all documents and things currently in their possession, custody, or control related to:

   a. the identities of and all contact information, including any email addresses, related to Defendants, and any entities having any ownership or control over the Amazon.com, eBay.com, Alibaba.com, Etsy.com, Temu.com, Walmart.com, or Aliexpress.com accounts under the operation or control of the individuals operating the foregoing marketplace accounts;

   b. any Amazon.com, eBay.com, Alibaba.com, Etsy.com, Temu.com, Walmart.com, or Aliexpress.com marketplace accounts owned, operated, or controlled by Defendants and their officers, affiliates, agents, and/or employees;

   c. any and all sales made by the Amazon.com, eBay.com, Alibaba.com, Etsy.com, Temu.com, Walmart.com, or Aliexpress.com marketplace accounts listed in the table below and any and all marketplace accounts identified in response to 2.a. above;

| No. | Defendant Name/Alias | No. | Defendant Name/Alias |
|---|---|---|---|
| 1 | Nanafast Store | | |
| | | | |
| 5 | EZSONA Store | | |
| 7 | BIYONGDE Store | 8 | feishang |
| 9 | YYOJ | | |
| | | 12 | Jude Jewelers Store |

| 13 | KKGAI JEWELRY |
|----|---------------|
| 15 | JIL MALL |
|    |               |
| 19 | Thanks Choosing |
| 21 | Fagege EU |
| 23 | Aekvinks |
| 25 | EZSONA |
| 27 | YanZi Jewelry |
| 29 | ChangYuanShiWangJiaZhuangShi |
| 31 | Oidea |

| 14 | jiezhizhijia |
|----|--------------|
| 16 | Elfasio |
| 18 | ANIEJUFI |
| 20 | Love Pretty US Store |
| 22 | kaisuo4 |
| 24 | ELFASIO Store |
|    |               |
| 28 | zhangqindianpu |

| No. | Amazon Store ID |
|-----|-----------------|
| 1   | A3VQY2KR531OTZ |
|     |                 |
| 5   | A3NXMMM19HRW93 |
| 7   | AXAGX23P1XV6D |
| 9   | A1M48F2WJJWRZS |
|     |                 |
| 13  | A13OXEGLRTT4UY |
| 15  | A5VRAZ12EOTX2 |
|     |                 |
| 19  | A3SK2DD2G2RBKK |
| 21  | A2LPJ00SVUY12U |
| 23  | A90D4JM0ZVHXN |
| 25  | A3NXMMM19HRW93 |
| 27  | A3V9TUDMUZ56FC |
| 29  | AS3T86DTEUI4G |
| 31  | A11ALBNQJ949M |

| No. | Amazon Store ID |
|-----|-----------------|
|     |                 |
|     |                 |
|     |                 |
| 8   | A25POG6V7MJVWG |
|     |                 |
| 12  | A25CCG2ULY9X5G |
| 14  | AFNBYBNRGZP0O |
| 16  | AFUZMPLEM6C3W |
| 18  | A3DILKUCAO4T1 |
| 20  | A2M0ROUOQKFBGK |
| 22  | AHUIH4O6SI5GN |
| 24  | AFUZMPLEM6C3W |
|     |                 |
| 28  | A1GNFS60JGRNUV |

    d. any and all financial accounts owned, operated, or controlled by the Defendants and/or their officers, affiliates, agents, and/or employees used in conjunction with the sale and/or offering for sale in conjunction with the Infringing Products.

3. Defendants and any third parties with actual notice shall, within five business days after receipt of such notice disable any and all accounts and or services used by Defendants to market, advertise, sell and/or offer for sale any goods in

conjunction with the Infringing Products.

4. Defendants and their officers, affiliates, agents, and employees shall be preliminarily restrained and enjoined from transferring or disposing of any monies or assets until further ordered by this Court.

5. Any entities with actual notice of this order, including any banks, credit card companies, or payment processing companies such as PayPal, shall, within two business days of receipt of this order, identify any and all accounts and/or funds associated with the Amazon.com marketplace accounts identified in the chart above, or in response to 2.a. above, and restrain and enjoin any accounts and/or funds from being transferred or disposed of until further ordered by this Court, including allowing the transfer of any accounts and/or funds internationally.

6. Plaintiff may provide notice of these proceedings by electronically publishing a link to the complaint, this Order and other relevant documents and by sending an e-mail to the e-mail addresses identified and any e-mail addresses provided for Defendants by third parties that includes a link to where the foregoing documents may be accessed. The combination of providing notice via electronic publication and e-mail, along with any notice that Defendants receive from any online marketplaces or payment processors shall constitute notice reasonably calculated under all circumstances to appraise Defendants of the pendency of this action and afford them the opportunity to present their objections.

7. Plaintiff is authorized to serve expedited discovery under Fed. R. Civ. P. 33, 34, and 36, upon Defendants via e-mail, who shall serve their responses and objections to such discovery within five business days. This expedited discovery

is limited to the following:

a. the identities and locations of Defendants, their agents, servants, employees, confederates, attorneys, and any persons acting in concert or participation with them, including all known contact information, including any and all associated e-mail addresses; and

b. the nature of Defendants' operations and all associated sales, methods of payment for services and financial information, including, without limitation, identifying information associated with Defendants' Amazon.com Marketplaces and Defendants' financial accounts, as well as providing a full accounting of Defendants' sales and listing history related to their respective Amazon.com marketplace accounts.

8. That ten thousand dollar bond ($10,000.00 USD) shall remain with the Court until a final disposition of this case or until this Preliminary Injunction is terminated.

9. Any Defendants that are subject to this Order may appear and move to dissolve or modify the Order as permitted by and in compliance with the Federal Rules of Civil Procedure and the Northern District of Illinois Local Rules.

SO ORDERED.

Dated: March 7, 2024            Entered:

_____
John Robert Blakey
United States District Judge